FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CESAR S. CONTRERAS,<br><br>　　　　　Defendant. | No.　4:17-cr-06022-SMJ-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE** |

Before the Court, without oral argument, are Defendant Cesar S. Contreras's Motion for Compassionate Release, ECF No. 140, and Supplemental Motion for Compassionate Release, ECF No. 149. The United States filed a Response to the Motion for Compassionate Release, ECF No. 146, in which it opposes Defendant's request for relief under 18 U.S.C. § 3582(c). The Court has reviewed the record in this matter and is fully informed.

## BACKGROUND

The Court sentenced Defendant to a 90-month term of incarceration on May 18, 2018 after he pleaded guilty to one count of Possession With Intent to Distribute 5 Kilograms or More of a Mixture or Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). On May 18, 2017,

Defendant and his co-defendant met with two confidential sources and attempted to sell them 25 kilograms of cocaine. ECF No. 114 at 5–6. Defendant now resides at FCP Sheridan in Sheridan, Oregon and is projected to be released on October 10, 2023. *BOP Inmate Locator*, BOP (last accessed Oct. 13, 2020), https://www.bop.gov/inmateloc/. Defendant is slated to begin a five-year term of supervised release upon his release from prison. ECF No. 119 at 3.

Defendant asks the Court to grant him immediate release in light of the COVID-19 pandemic and his medical conditions of asthma and obesity.[1] ECF No. 140 at 3–4; ECF No. 149 at 6–7. He also indicates that he was diagnosed as "pre-diabetic" prior to entering BOP custody. *Id*. Defendant is currently 41 years old. *Id*. He proposes that he would live with his wife and adult son in Burbank, Washington if the Court granted early release. ECF No. 140 at 3. In his motions for compassionate release, Defendant emphasizes the BOP's struggles to contain COVID-19 in its facilities and problems related to social distancing and other recommended preventative measures in the context of the BOP. *See*, *e.g.*, ECF No. 149 at 9–11, 20–21. He also notes that his primary motivation is not concern for his own health or even death. *Id*. at 9 (stating Defendant "has come to terms with the

---

[1] Defendant originally requested relief under the CARES Act in conjunction with his request for compassionate release under 18 U.S.C. §3582(c). ECF No. 140 at 2–6. However, in his Supplemental Motion, Defendant withdrew this request, indicating that he "acknowledges the restriction on the Court's power within 18 U.S.C. § 3621(b)." ECF No. 149 at 2.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 2

reality that the BOP can't protect him from COVID-19"). Rather, he clarifies that "[t]his motion is important to him more for the second chance of being a father to his son, than for saving his life." *Id*.

While incarcerated, Defendant has participated in the Residential Drug Abuse Program (RDAP) as mandated by this Court, ECF No. 119 at 2, however, he has not provided evidence of any other programming.

The United States opposes Defendant's Motion for Compassionate release. ECF No. 146. The United States argues that Defendant has neither exhausted the administrative avenues for relief, nor do his diagnoses rise to the level required for relief. *Id*. at 5–15. Specifically, the United States contends, while acknowledging the relevance of COVID-19 to the Court's analysis, that Defendant's diagnoses do not rise to the level of severity required for relief as they do not "substantially diminish the ability of Defendant to provide self-care" nor are they terminal. *Id*. at 10.

## LEGAL STANDARD

Defendant seeks early release pursuant to 18 U.S.C. § 3582(c), which permits a sentence reduction if, after considering the sentencing factors set out in 18 U.S.C. § 3553(a), the Court finds "extraordinary and compelling reasons"[2] justifying a

---

[2] The sentencing guideline applicable to motions such as Defendant's has not been amended since passage of the First Step Act of 2018, prior to which only the Bureau of Prisons could move for compassionate release on a defendant's behalf. The

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 3

1  reduction. 18 U.S.C. § 3582(c)(1)(A)(i); U.S.S.G. §1B1.13 cmt. n.1(D). Such relief
2  is available only "upon motion of the Director of the Bureau of Prisons, or upon
3  motion of the defendant after the defendant has fully exhausted all administrative
4  rights to appeal a failure of the Bureau of Prisons to bring a motion on the
5  defendant's behalf or the lapse of 30 days from the receipt of such a request by the
6  warden of the defendant's facility, whichever is earlier." *Id.* § 3582(c)(1)(A);
7  U.S.S.G. § 1B1.13.

## DISCUSSION

**A.    Defendant has satisfied the administrative exhaustion requirement**

After a review of the materials Defendant submitted along with his Supplemental Motion for Compassionate Release, the Court concludes that he has satisfied the requirement of administrative exhaustion under 18 U.S.C. § 3582(c)(1)(A)(i). When Defendant first submitted his Motion for Compassionate

---

guideline thus provides that only the Bureau of Prisons may designate an extraordinary and compelling reason warranting early release. *See* U.S.S.G. § 1B1.13 cmt. n.1(D). Although there is some division among the district courts, most conclude the First Step Act was intended to vest the district courts with independent discretion to identify extraordinary and compelling reasons. *See, e.g.*, *United States v. Beck*, 425 F. Supp. 3d 573, 579–80 (M.D.N.C. 2019); *United States v. Magana*, Case No. 2:16-cr-0183-TOR, ECF No. 32 at 4–5 (E.D. Wash. July 7, 2020); *but see United States v. Lynn*, No. CR 89-0072-WS, 2019 WL 3805349, at *3 (S.D. Ala. Aug. 13, 2019) (holding only Bureau of Prisons permitted to identify extraordinary and compelling reasons). This Court finds the majority approach most persuasive and thus proceeds to independently evaluate whether Defendant has established extraordinary and compelling circumstances warranting early release.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 4

Release, ECF No. 140, it was not apparent that he had appropriately exhausted the avenues of administrative relief. Specifically, Defendant had attached to his motion a denial from the warden of FCI Sheridan of his request for release to home confinement pursuant to the CARES Act. *Id*. at 10–11. In its response, the United States correctly pointed out that this documentation was not sufficient to demonstrate Defendant's motion was appropriate for the Court's review. ECF No. 146 at 9–10 (highlighting that Defendant had only requested relief under the CARES Act and that at the time of the United States' inquiry, the BOP had no record of a request for compassionate release by Defendant).

However, on August 19, 2020, Defendant submitted two separate requests for compassionate release. ECF No. 149-1 at 1–3. First, Defendant submitted a BP-9 paper form to his unit team. ECF No. 149 at 5; ECF No. 149-1 at 2. Second, Defendant submitted an electronic request directly to the warden. ECF No. 149 at 5; ECF No. 149-1 at 1. Defendant's written BP-9 request was received and ultimately denied on September 1, 2020. ECF No. 149-1 at 3. And more than 30 days have elapsed since the receipt of Defendant's request by the warden, therefore he has satisfied the administrative exhaustion requirement. *See* 18 U.S.C. § 3582(c)(1)(A)(i). Thus, the Court may properly address the merits of Defendant's request for compassionate release.

### B. Defendant has not demonstrated extraordinary and compelling reasons warranting compassionate release

Turning to the merits of Defendant's request, the Court finds he has failed to establish "extraordinary and compelling reasons" warranting a reduction in his sentence to time served. Although Defendant has pointed to many potential issues with the way the BOP is attempting to mitigate the spread of COVID-19 in its facilities, the Court cannot find that Defendant suffers from any "extraordinary" medical conditions as required by 18 U.S.C. § 3582(c)(1)(A)(i).

Further, the crime of conviction is a serious drug offense, and is Defendant's second federal drug trafficking conviction. Despite Defendant's claims that he has matured and his admirable desire to be a father to his son, the Court cannot find that the sentencing factors weigh in favor of his early release.

#### 1. The pandemic represents a serious, but not extraordinary, risk to Defendant

In support of his motion for compassionate release, Defendant asserts that he suffers from asthma, is obese and is prediabetic. ECF No. 149 at 6. He has submitted medical records to support the conclusion that he is asthmatic and to establish that he is considered "obese." ECF No. 149-1 at 12–13, 20; ECF No. 146-2 at 17 (indicating Defendant weighed 223 pounds when last weighed by the BOP in

December of 2018).³ However, Defendant's assertion that he is "prediabetic" is based on medical treatment he received prior to his incarceration. ECF No. 149 at 6–7. At no point during his incarceration has Defendant been diagnosed as diabetic or prediabetic, despite having routine interactions with the medical staff. *See* ECF No. 146-3 (medical records indicating Defendant has been seen by medical staff three times in 2020).

The CDC reports that individuals with asthma "might be at an increased risk" of suffering from severe illness or complications from COVID-19. *See People with Certain Medical Conditions*, CDC, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last accessed Oct. 13, 2020). However, there appear to be more concrete risks of complications for individuals, like Defendant, who have a BMI of over 30. *Id.*

FCP Sheridan, where the Defendant is housed, reportedly has no cases of COVID-19 according to the BOP's own accounting. *COVID-19 Cases*, BOP, https://www.bop.gov/coronavirus (last accessed Oct. 13, 2020). FCI Sheridan, though, which connects to where Defendant is housed, has reported 9 cases of COVID-19. *Id.* Despite these comparatively low positive numbers, it is clear that

---

³ When Defendant's height (5' 11") and weight (223 pounds) as recorded by the BOP are entered into a BMI calculator, he is categorized as obese with a BMI of 31.1. *See Calculate Your Body Mass Index*, Nat'l Heart, Lung, and Blood Inst., https://www.nhlbi.nih.gov/health/educational/lose_wt/BMI/bmicalc.htm (last accessed Oct. 13, 2020).

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 7

COVID-19 has a foothold in the BOP nationwide. *Id*. Defendant is rightly concerned about the inability to adequately practice social distancing and take other preventative measures. *See* ECF No. 149 at 9–10 (articulating the difficulties in practicing social distancing while living in communal housing in the FPC). Further, Defendant alleges that staff at FPC Sheridan have requested inmates to falsify cleaning logs and do not uniformly enforce rules related to mask-wearing. *Id*.

Despite these troubling allegations and the BOP's struggles to control the spread of COVID-19 in its facilities, the United States correctly points out, "[t]he mere existence of COVID-19, which poses a general threat to every non-immune person in the country, does not" constitute in and of itself an extraordinary and compelling reason. ECF No. 146 at 11. Although Defendant's medical conditions may increase his risks of severe illness were he to contract COVID-19, Defendant fails to articulate any "extraordinary" diagnoses that warrant early release. Defendant is only 41 years old—well outside the age group at the highest risk—and has been receiving frequent care for his asthma. ECF No. 146-3 at 22–24.

In sum, although the Court recognizes that COVID-19 poses a risk to Defendant and the BOP has been unable to prevent this illness from establishing a foothold in its facilities, it finds that the Defendant's situation falls short of the "extraordinary and compelling" standard required under 18 U.S.C. § 3582(c).

### 2. The statutory sentencing criteria weigh against early release

To determine whether the threat posed to Defendant's health is sufficient to justify his immediate release, the Court must also evaluate the § 3553(a) factors. U.S.S.G. § 1B1.13. Defendant has served approximately 40 months of his 90-month sentence. He is currently projected to be released in October of 2023—roughly 36 months from now. *BOP Inmate Locator*, BOP (last accessed Oct. 13, 2020), https://www.bop.gov/inmateloc/. Thus, Defendant has served a little over half of the time he can expect to be incarcerated as of the filing of his motion for compassionate release.

#### i. Nature and circumstances of the offense

Here, Defendant was convicted for his role in arranging the sale of approximately 25 kilograms of cocaine. ECF No. 114 at 4–6. A firearm and ammunition were located at the residence where the transaction was to take place. *Id.* at 6. Importantly, Defendant engaged in the conduct underlying this offense in May of 2017—only about two years after discharging his term of supervised release related to his prior drug trafficking conviction. *Id.* at 4–5, 9. This term of supervised release came after Defendant served 120 months in prison for distributing cocaine base. *Id.* at 9. At sentencing for the instant offense, Defendant asserted that he was coerced into participating in the transaction and pointed to his wife's significant medical troubles as a further motivator for his conduct. ECF No. 111 at 7–10.

### ii. Defendant's history and characteristics

Defendant has a relatively short, but serious, criminal history. Defendant has one juvenile adjudication related to driving without a license, and two adult convictions for the same crime. ECF No. 114 at 8–9. These offenses all occurred over 20 years ago and Defendant only received three criminal history points in his PSR. *Id*. But, as previously discussed, Defendant was convicted of Conspiracy to Distribute Cocaine Base in 2002 and served a term of 120-months imprisonment. *Id*. at 9.

### iii. The goals of sentencing weigh against Defendant's release

Along with the kinds of sentences available and the sentencing range established by the guidelines, § 3553(a) also instructs the Court to consider:

> (2) the need for the sentence imposed--
>     (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>     (B) to afford adequate deterrence to criminal conduct;
>     (C) to protect the public from further crimes of the defendant; and
>     (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

18 U.S.C. § 3553(a)(2).

Defendant seems to have made some meaningful use of his time in prison. He is currently participating in the RDAP drug treatment program as ordered by this Court. Yet, this is Defendant's second time participating in the program. ECF

No. 119 at 2; ECF No. 149 at 24. Further, Defendant articulates that his attitude has changed during his incarceration and that he has matured. ECF No. 149 at 8. He discusses difficult phone conversations he has had with his son about his actions and expresses remorse for not being able to be present in his son's life. *Id*. at 24–25.

That said, Defendant has served only about 40 months of his sentence. While this is a significant period of incarceration, if he were to be released today it would constitute an approximately 50 percent reduction in his sentence—a sentence that was significantly below the guideline rage to begin with. *See* ECF No. 114 at 14 (noting the guideline range was 121 to 151 months).  The Court simply cannot find that this large of a reduction would adequately reflect the seriousness of the offense, provide just punishment, nor afford adequate deterrence for future criminal conduct, especially when considering that this is the Defendant's second conviction related to drug trafficking.

## CONCLUSION

Ultimately, the Court finds that Defendant has not established sufficient "extraordinary and compelling reasons" to justify his release, nor has he demonstrated that the sentencing criteria favor a reduction in sentence. Although Defendant is surely at risk of contracting COVID-19 while incarcerated, he did not sufficiently demonstrate any "extraordinary" reasons favoring his early release.

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 11

1  Further, Defendant was already given a sentence below the guideline range and the
2  mandatory minimum, and the Court finds that any further reduction would not
3  reflect the serious nature of his crime of conviction nor afford adequate deterrence
4  from future criminal conduct. The Defendant's motion is denied.
5          Accordingly, **IT IS HEREBY ORDERED**:
6          Defendant's Cesar S. Contreras's Motion for Reduction of Sentence
7          and Compassionate Release Pursuant to 18 U.S.C § 3582(c)(1)(A),
8          **ECF No. 140**, is **DENIED**.
9          **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and
10 provide copies to all counsel.
11         **DATED** this 15th day of October 2020.

12         _____
           SALVADOR MENDOZA, JR.
13         United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE – 12